# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BYRON M. STORY,                          :

    Plaintiff,                       :

vs.                                               CA 06-0224-C

                              :

MILTON H. PURDY, et al.,

                              :

    Defendants.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss or, in the alternative, to transfer venue filed by defendants Leo Whitworth, Jr. and Whitworth Builders, Inc. (Doc. 4; *see also* Doc. 5 (brief)), the motion to dismiss filed by defendants Milton H. Purdy and Kilhara Corporation, Inc. (Doc. 7; *see also* Doc. 8 (memorandum in support of motion to dismiss)), the motion to dismiss or, in the alternative, to transfer venue filed by defendants Beach Community Bank and Kathleen Pritchard (Doc. 9), plaintiff's response to the defendants' motions (Doc. 17), the reply to plaintiff's response filed by defendants Purdy and Kilhara Corporation, Inc. (Doc. 19), the Rule 11 motion for sanctions, as amended (Docs. 29 & 32), filed by defendants Purdy and Kilhara Corporation, Inc. (hereinafter, "Kilhara"), and plaintiff's response to the motion for sanctions (Doc. 34). The parties have consented to the exercise

of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings, including disposition of these motions. (Doc. 30 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 31 (order of reference))[1] Upon consideration of the contents of the briefs and the arguments of counsel on July 11, 2006, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a) and **DENIES** (and **STRIKES** from the record) the Rule 11 motion for sanctions, as amended (Docs. 29 & 32), filed by defendants Milton Purdy and Kilhara Corporation, Inc.[2]

## FINDINGS OF FACT

---

[1]     Although counsel for defendants Leo Whitworth, Jr. and Whitworth Builders, Inc. did not sign the consent form that all other counsel did at oral argument on July 11, 2006 (*see* Doc. 30), a renewed request for non-appearance by counsel being previously granted (Doc. 27), counsel for these defendants was placed on notice that the renewed request for non-appearance was regarded by the Court "as the moving defendants' explicit consent to the undersigned exercising jurisdiction in this matter." (*Id.*; *see also* Docs. 11 & 12) Accordingly, the explicit consent of all parties has been garnered in this case.

[2]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 30 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

1.      Byron M. Story filed a seventeen-count complaint against the defendants in this Court on April 10, 2006. (Doc. 1) The plaintiff's description of the parties is set forth in the complaint in the following manner:

1.      Plaintiff Byron M. Story, ("Story") is a General Contractor and Developer whose primary residence is 114 Eby Street, Brewton, Alabama. Story primarily engages in the purchase of property with an investor for the purpose of development. . . .

2.      Plaintiff Story also was President and incorporator of a Florida Corporation, Story [P]lanning and Development, Inc. incorporated and now dissolved due to facts alleged in this complaint.

3.      Defendant Milton H. Purdy, ("Purdy"), is, upon information and belief, a Florida resident who resides in Okaloosa County, Florida. Purdy primarily engages in the purchase of real estate for investment purposes.

4.      Defendant Kilhara Corporation, Inc., ("Kilhara"), is incorporated in Florida and has its principal place of business in (sic) 60 Marlboro Road, Shalimar[,] Florida. Purdy is the registered agent, President, Vice President, and incorporator of Kilhara Corporation, Inc.

5.      Defendant Leo Whitworth, Jr., ("Whitworth"), is, upon information and belief, a Florida resident who resides in Okaloosa County, Florida. Whitworth is the President and incorporator of Whitworth Builders, Inc.

6.      Defendant Whitworth Builders, Inc., is incorporated in Florida and has as its principal place of business 105 Auburn Road, Ft. Walton Beach, Florida, in Okaloosa County, and primarily engages in the purchase of real estate (with buildable residential lots) for the purposes of building and

selling residential homes.

      7.    Defendant Beach Community Bank is a commercial bank with state charter. It is Fed nonmember and is supervised by the FDIC. Beach Community Bank began operations on 4/27/2001, and has its principal place of business [at] 17 Southeast Eglin Parkway, Fort Walton Beach, Florida, in Okaloosa County. Beach Community Bank provided the mortgage for the Wind Meadows development, and has an interest in the lots. Its Bank Holding Company is Beach Community Bancshares, Inc.

      8.    Defendant Kathleen Pritchard is the Executive Vice President of Beach Community Bank, and is a personal friend of Defendant Purdy who personally was involved in the details concerning Wind Meadows and its sale. Defendant Pritchard is upon information and belief a citizen of Okaloosa County, Florida, and her address is 247 Wakissa Cove, Destin, Florida.

(*Id.*, at 1-3)

2.    The complaint alleges that  this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction) (Doc. 1, at 3, ¶ 10) and contains the conclusory venue allegation that venue is proper in this district by virtue of plaintiff's residence and citizenship in this district (*see id.*, ¶ 9).

3.    On May 8, 2006, defendants' Leo Whitworth, Jr. and Whitworth Builders, Inc. filed a motion to dismiss for want of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), or, in the alternative, a motion to transfer

venue pursuant to 28 U.S.C. § 1404. (Doc. 4; *see also* Doc. 5)

4.    On May 11, 2006, defendants Milton Purdy and Kilhara Corporation filed a motion to dismiss the complaint for want of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), improper venue, Fed.R.Civ.P. 12(b)(3), insufficiency of process, Fed.R.Civ.P. 12(b)(4), and failure to properly effectuate service of process, Fed.R.Civ.P. 12(b)(5). (Doc. 7; *see also* Doc. 8) Attached to the memorandum in support of the motion to dismiss is the affidavit of Milton Purdy same reading, in relevant part, as follows:

> 3.    Neither Kilhara nor I have contacts with the State of Alabama related in any way to this lawsuit.
>
> 4.    I am a resident of Okaloosa County, Florida, and Kilhara is incorporated in Florida, with its principal place of business located at 60 Marlborough Road, Shalimar, Florida in Okaloosa County. Neither Kilhara nor I have an Alabama business license or are qualified to conduct business in Alabama, and neither Kilhara nor I have a place of business in Alabama.
>
> 5.    The contracts alleged in the Complaint were entered into in Okaloosa County, Florida. The real property at issue in this case is also located in Okaloosa County, Florida.
>
> 6.    I was served with a Summons and Complaint in this case on April 25, 2006, *via* certified mail. I did not receive any waiver of service forms and I did not waive formal service. The Summons I received listed Leo Whitwoth, Jr. as the Defendant. I have not received a Summons directed to me. . . . Kilhara has not been served with a copy of the Summons or Complaint in this case.

(Doc. 8, Exhibit 1, Affidavit of Milton H. Purdy) These defendants do not make any alternative request in their motion or memorandum that the Court transfer venue to the Northern District of Florida. (*See* Docs. 7 & 8)

5.      Also on May 11, 2006, defendants Beach Community Bank and Kathleen Pritchard filed a motion to dismiss the complaint for want of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), improper venue, Fed.R.Civ.P. 12(b)(3), and failure to state a claim, Fed.R.Civ.P. 12(b)(6), or, in the alternative, a request to transfer venue to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a). (Doc. 9)

6.      Plaintiff filed an omnibus response to the defendants' motions on June 6, 2006. (Doc. 17) Defendants Purdy and Kilhara filed their reply to plaintiff's response on June 9, 2006. (Doc. 19)

7.      On June 20, 2006, one of the attorneys representing Purdy and Kilhara, April M. Dodd, Esquire, penned the following letter to plaintiff's attorney, Tamara Knowles, Esquire:

> After reviewing your Response to Defendants' Motion to Dismiss, it has come to my attention that there have been no grounds cited and no substantive evidence has been presented for filing a lawsuit against Defendants Milton H. Purdy and Kilhara Corporation, Inc. **in the Southern District of Alabama**. Accordingly, as per Rule 11, I will file the enclosed motion within 21 days from the date of this letter, **unless you first voluntarily dismiss the claims** against Defendants Milton H.

6

Purdy and Kilhara Corporation, Inc., **with prejudice**.

(Doc. 29, Exhibit A (emphasis supplied))

8.      The Court entertained the parties oral arguments on July 11, 2006. The hearing lasted all of twelve minutes because plaintiff's counsel immediately informed the Court that she had to concede that the defendants (who had so moved) had a strong argument that this case need be transferred to the Northern District of Florida. Counsel for defendants Beach Community Bank and Kathleen Pritchard advised the Court that his clients would interpose no objection to a transfer of venue. Although counsel for defendants Purdy and Kilhara indicated that she desired the Court to dismiss the complaint as to her clients she could cite to no authority which mandated dismissal over transfer, where all other parties were amenable to transfer, and admitted that her clients would not contest personal jurisdiction in the Norther District of Florida.[3]

9.      On the same date as oral argument, July 11, 2006, defendants Purdy and Kilhara filed a Rule 11 motion for sanctions. (Doc. 29; *see also* Doc. 32 (amended motion for sanctions filed on July 19, 2006)) It is interesting that counsel for these defendants never mention the sanctions motion during

---

[3]      Counsel also conceded that with respect to the insufficiency of process and insufficiency of service of process arguments, district courts have the discretion to grant plaintiffs additional time to perfect service of process.

oral argument though she had filed same some two hours prior to the hearing.

Plaintiff filed a response to the sanctions' motion on August 14, 2006. (Doc. 34)

## **CONCLUSIONS OF LAW**

### A.    **Transfer of Venue.**

1.    Under 28 U.S.C. § 1391(b), venue in a civil case in which jurisdiction is not based solely on diversity, as here, is proper in any of the following judicial districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id*. The allegations of plaintiff's complaint establish that none of these subparts are satisfied in this case;[4] therefore, venue  is improperly laid in the Southern District of Alabama.

2.    Because venue is improperly laid in this Court, transfer of this case is necessarily informed by 28 U.S.C. § 1406(a) rather than 28 U.S.C. §

---

[4]    In addition, as aforesaid, plaintiff's counsel quickly conceded at oral argument that transfer of venue was appropriate in this case.

1404(a).[5] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

> Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history– either that relied upon by the Court of Appeals or any other that has been brought to our attention.

> .     .     .

> The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants

_____

[5]     The defendants who alternatively requested transfer of venue incorrectly relied upon § 1404(a) in making that request. This section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id*. Section 1404(a) presupposes that the district where the case is filed is a less convenient, yet proper, district to pursue the action; here, as heretofore established, venue is improperly laid in this district and, therefore, transfer of the case is governed by § 1406(a). *See Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."); *Ford v. Supreme Court of Florida*, 2006 WL 1382075, *6 n.15 (M.D. Fla. 2006) ("28 U.S.C. § 1406(a) . . . governs actions filed in an improper venue[] as opposed to § 1404(a), which governs actions filed in [a] permissible yet inconvenient venue."); *Thornton v. Toyota Motor Sales, U.S.A., Inc.*, 397 F.Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed. . . . Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a)[.]").

> or not. The section is thus in accord with the general purpose
> which has prompted many of the procedural changes of the past
> few years–that of removing whatever obstacles may impede an
> expeditious and orderly adjudication of cases and controversies
> on their merits. When a lawsuit is filed, that filing shows a
> desire on the part of the plaintiff to begin his case and thereby
> toll whatever statutes of limitation would otherwise apply. The
> filing itself shows the proper diligence on the part of the plaintiff
> which such statutes of limitation were intended to insure. If by
> reason of the uncertainties of proper venue a mistake is made,
> Congress, by the enactment of [§] 1406(a), recognized that 'the
> interest of justice' may require that the complaint not be
> dismissed but rather that it be transferred in order that the
> plaintiff not be penalized by what the late Judge Parker aptly
> characterized as 'time-consuming and justice-defeating
> technicalities.' It would at least partially frustrate this
> enlightened congressional objective to import ambiguities into
> [§] 1406(a) which do not exist in the language Congress used to
> achieve the procedural reform it desired.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-466 & 466-467, 82 S.Ct. 913,

915 & 916, 8 L.Ed.2d 39 (1962) (footnote omitted). Accordingly, for at least

the last forty-four years federal courts have utilized § 1406(a) to transfer cases

where venue is improperly laid in their courts and there exists no personal

jurisdiction over the defendants. *See, e.g., Berry v. Salter*, 179 F.Supp.2d 1345,

1350 (M.D. Ala. 2001) ("'"The language of § 1406(a) is amply broad enough

to authorize the transfer of cases, however wrong the plaintiff may have been

in filing his case as to venue, whether the court in which it was filed had

personal jurisdiction over the defendant or not."'"); *Schultz v. Ary*, 175

F.Supp.2d 959, 965 (W.D. Mich. 2001) ("Personal jurisdiction over a defendant is not a prerequisite for a district court to utilize the transfer provision of § 1406(a)."); *Milligan Elec. Co., Inc. v. Hudson Constr. Co.*, 886 F.Supp. 845, 850 (N.D. Fla. 1995) ("As the defendants correctly note in their reply memorandum, when a district court lacks personal jurisdiction over one or more of the defendants, it may, as an alternative to dismissal, transfer the case to any district in which it could have been brought."); *Structural Panels, Inc. v. Texas Aluminum Industries, Inc.,* 814 F.Supp. 1058, 1068 (M.D. Fla. 1993) ("The court may transfer venue pursuant to 28 U.S.C. § 1406 even if venue is improper and personal jurisdiction is lacking in Florida."); *Cauff Lippman & Co. v. Apogee Finance Group, Inc.,* 745 F.Supp. 678, 682 (S.D. Fla. 1990) ("Because neither jurisdiction nor venue lie in this forum, the Court shall instead, in the interest of justice, transfer the case to the United States District Court for the Southern District of New York pursuant to Title 28 U.S.C. § 1406(a).").

3.     It is clear from *Goldlawr, Inc.* and its progeny that a transfer pursuant to § 1406(a) is not precluded because some of the defendants have moved for dismissal of the complaint as opposed to transfer of the case. *See Ford, supra*, at *6 n. 15 ("The Defendants have not moved for a transfer, and,

instead, have moved for dismissal on the grounds of improper venue. Accordingly, this transfer will be pursuant to 28 U.S.C. § 1406(a), which governs actions filed in an improper venue[.]"); *cf. Berry, supra*, 179 F.Supp.2d at 1350 ("The court recognizes that no motion for improper venue has been made. . . . However, the court may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406."); *Schultz, supra,* 175 F.Supp.2d at 964 ("It is noted that at this point, neither defendant has issued a challenge to venue. . . . However, in the court's view, the failure of the defendants to raise a challenge to the venue of this action does not prevent the court from addressing the issue *sua sponte*, particularly where a defendant has sought dismissal for lack of personal jurisdiction."). Such judicial discretion is inherent in the statutory language of § 1406(a), which provides that a case be dismissed for improper venue or that it be transferred to another district in which it could have been brought if a transfer is in the interest of justice. Defendants Purdy and Kilhara have provided this Court with no logical reason for it to dismiss the plaintiff's claims against them and transfer the remainder of the case to the Northern District of Florida, the other parties having agreed that a transfer to the Northern District of Florida is appropriate, particularly in light of the fact that all plaintiff would do when he got to the transferee court

12

is amend his complaint and add these defendants to his case. *Cf. Ford, supra*, at *6 ("Were the Court to dismiss this case, Ford would be forced to simply re-file in the Northern District, costing her both additional time and expense, and thus the Court finds it to be in the interest of justice to simply transfer this entire case to that District."). In addition, counsel for Purdy and Kilhara admitted during oral argument that her clients could interpose no contest to personal jurisdiction in the Northern District of Florida and it is clear to the undersigned that the service problems in this case can easily be corrected by the plaintiff in the transferee court. *Cf. Thornton, supra,* 397 F.Supp. at 477 ("could have been brought" phrase in § 1406(a) "has generally been construed to require that the transferee district must have subject matter jurisdiction and proper venue and that the defendants must be amendable to service of process issuing out of that court."). Accordingly, this Court concludes that it would not be "an efficient use of resources, either the court's or the parties'[,]" *Schultz, supra*, 175 F.Supp.2d at 966, to dismiss a portion of the case and transfer the remaining portion to the Northern District of Florida; rather, it is in the interest of justice to transfer the entire action to the Norther District of Florida.

4.      In light of the foregoing, the Court **ORDERS** that this entire case be **TRANSFERRED** to the United States District Court for the Northern

District of Florida pursuant to 28 U.S.C. § 1406(a).

     **B.**     <u>**Rule 11 Motion for Sanctions**</u>.

     5.     On July 11, 2006, defendants Purdy and Kilhara filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 29) These defendants filed an amended Rule 11 motion on July 19, 2006. (Doc. 32) The plaintiff has now joined this issue. (Doc. 34)

     6.     "Rule 11 allows courts to impose appropriate sanctions when 'an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose.' *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). The obligations imposed by Rule 11 continue throughout the course of the litigation and sanctions can be imposed when a litigant continues to press a claim after learning that it ceases to have merit." *Cargile v. Viacom Int'l, Inc.,* 282 F.Supp.2d 1316, 1319 (N.D. Fla. 2003); *see also Howard v. Liberty Memorial Hosp.*, 752 F.Supp. 1074, 1080 (S.D. Ga. 1990) ("Rule 11 of the Federal Rules of Civil Procedure, as amended in 1983, requires attorneys to inquire about the facts and the law before filing pleadings. [] By requiring prefiling inquiries, the Rule is designed to '"reduce frivolous claims, defenses, or motions" and to deter "costly

meritless maneuvers," thus avoiding unnecessary delay and expense in litigation.' [] In addition to inquiry, an attorney who submits a pleading must certify that: 'to the best of the [attorney's] knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact *and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.'").

7.     Prior to filing a Rule 11 sanctions motion, the movant must serve a safe harbor notice on her opponent and the failure to timely serve such notice makes such sanctions unavailable. *See Torres v. City of Orlando*, 264 F.Supp.2d 1046, 1053 n.18 (M.D. Fla.), *aff'd*, 88 Fed.Appx. 391 (11th Cir. 2003) (table); Fed.R.Civ.P. 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). In this case, Purdy and Kilhara rely upon the June 20, 2006 letter penned by one of their attorneys, April M. Dodd, Esquire, to plaintiff's

counsel, same reading, as follows: "After reviewing your Response to Defendants' Motion to Dismiss, it has come to my attention that there have been no grounds cited and no substantive evidence has been presented for filing a lawsuit against Defendants Milton H. Purdy and Kilhara Corporation, Inc. **in the Southern District of Alabama**. Accordingly, as per Rule 11, I will file the enclosed motion within 21 days from the date of this letter, **unless you first voluntarily dismiss the claims** against Defendants Milton H. Purdy and Kilhara Corporation, Inc., **with prejudice**." (Doc. 29, Exhibit A (emphasis supplied))

8.      Defendants' motion for Rule 11 sanctions suffers from both procedural and substantive deficits and, therefore, need be **STRICKEN** and **DENIED**. First, the safe harbor letter is procedurally deficient because it contains a demand that plaintiff dismiss his claims against Purdy and Kilhara "*with prejudice*" when these defendants' motion to dismiss filed with the Court is not a merits-based motion.[6]  Presumably, the safe harbor letter was couched in "with prejudice" terms because of counsel's realization that Rule 11 has as its focus patently frivolous claims, pleadings, contentions and allegations, as opposed to venue mistakes.  This Court finds and holds that a

_____

[6]      Therefore, a non-response from plaintiff's counsel was inherently reasonable.

16

letter demanding a plaintiff to dismiss a complaint with prejudice where the demanding defendants have filed only a procedural, non-substantive attack on the complaint in court does not constitute a predicative safe-harbor letter which Rule 11 requires to be served prior to filing a Rule 11 motion. Therefore, because of this procedural deficiency, the Rule 11 motion for sanctions filed by defendants Purdy and Kilhara is **STRICKEN**.

9.     The motion for sanctions is also due to be substantively denied inasmuch as the moving party has provided this Court with no citation to any decision by any federal court in this country wherein a plaintiff has been sanctioned under Rule 11 for mistakenly filing a case in the wrong venue. The undersigned would be duly surprised if such a decision exists in light of *Goldlawr, Inc.*'s teaching that "[t]he language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however **wrong the plaintiff may have been in filing his case as to venue**, whether the court in which it was filed had personal jurisdiction over the defendants or not." 369 U.S. at 466, 82 S.Ct. at 916 (emphasis supplied); *see also id.* at 467, 82 S.Ct. at 916 ("**If by reason of the uncertainties of proper venue a mistake is made**, Congress, by the enactment of [§] 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in

17

order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'") (emphasis supplied). This Court is not in a position to and has made no decision with respect to whether any of the claims set forth in the complaint have any merit. Instead, this Court has simply found that plaintiff made a mistake in attempting to lay venue in this district and, as a result, will transfer venue to the Northern District of Florida. Simply put, nothing about anything that has happened in this case to date, or what plaintiff has done or has not done, is sanctionable.[7] Accordingly, these defendants' motion for sanctions is due to be **DENIED** and **STRICKEN**.[8]

---

[7]     Even if this Court was to turn a blind-eye to the procedural and substantive deficiencies in the defendants' motion for sanctions, it is clear that this case would not warrant sanctioning plaintiff in the manner requested by Purdy and Kilhara (i.e., by imposition of the exorbitant attorney's fees expended by these defendants to date). *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*., 498 U.S. 533, 553, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991) ("[T]he Rule calls only for 'an appropriate sanction'-attorney's fees are not mandated. As we explained in *Cooter & Gell*: 'Rule 11 is not a fee-shifting statute[.] "A movant under Rule 11 has no entitlement to fees or any other sanction."'"); *Cargile, supra,* 282 F.Supp.2d at 1320 ("While reasonable attorneys' fees can be imposed, 'the primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all its costs in defending.'"). Instead, the appropriate sanction would be couched in solicitous and requesting language, as opposed to reprimanding language, something akin to the following: "Please make every effort in the future to file lawsuits in the proper venue."

[8]     Plaintiff's response to the motion for sanctions contains a request that should he prevail on the motion that a reasonable attorney's fee in the amount of $150.00 be awarded in his favor. (Doc. 34, at 3-4) Rule 11(c)(1) certainly imbues the Court with the discretion to "award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." *Id*. Although the instant request appears to be inherently

## CONCLUSION

This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a). The Rule 11 motion for sanctions, as amended, filed by defendants Milton Purdy and Kilhara Corporation, Inc. (Docs. 29 & 32) is **DENIED** and **STRICKEN** from the record.

**DONE** and **ORDERED** this the 15th day of August, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

reasonable (i.e., a request for two hours of attorney work at an hourly rate of $75.00), the Court declines to exercise its discretion in this manner and award $150.00 to the prevailing plaintiff in light of the failure of plaintiff's counsel to attach to the response her itemization of time spent responding to the sanctions' motion.